## Eli G. Suter, Appellant, *v.* William Findley with notice to Catharine E. Findley, Terre-Tenant.

*Judgment—Revival of—Terre-tenant—Notice.*

When the deed of a terre-tenant is on record at the time of an attempted revival of a judgment, the scire facias to revive must name him as a terre-tenant, otherwise the lien will be lost in five years from the rendition of the judgment sought to be revived. The same result will follow, the deed being on record, if the revival is attempted by an amicable scire facias which the terre-tenant has not signed.

Argued April 20, 1897. Appeal, No. 142, April Term, 1897, by plaintiff, from judgment of C. P. Westmoreland County, May Term, 1895, No. 275, non obstante veredicto. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Sci. fa. sur judgment. Before DOTY, P. J.

It appears from the record that judgment was entered by E. C. Suter against Wm. F. Findley, May 6, 1890. On April 2, 1891, a deed is recorded for the land bound by this judgment from Wm. F. Findley to C. E. Findley, his wife. The judgment was revived by amicable scire facias March 2, 1895, by Wm. F. Findley, defendant, and E. C. Suter, plaintiff, and an alias scire facias with notice to Catherine E. Findley, terre-tenant was issued November 13, 1895 on the same judgment.

The court directed a verdict for the plaintiff, reserving the question of law whether an alias sci. fa. was issued in time. Afterward the court entered judgment for the terre-tenant non obstante veredicto. Plaintiff appealed.

*Error assigned* was entry of judgment for the terre-tenant non obstante veredicto.

*Jno. E. Kunkle,* with him *Edward E. Robbins,* for appellant.— The facts show that the original judgment was regularly revived between the original parties, and that the scire facias wherein Catherine E. Findley is named as terre-tenant was issued within five years from the date of the recording of her deed.

This complies strictly with the Act of April 16, 1849, P. L. 663.

Prior to the act of 1849, " The limitation of five years commenced to run in favor of the terre-tenant from the date of entry on revival of the judgment whether he was in possession of the land or not, and whether his deed was recorded or not. The judgment creditor had no certain means of knowing as to whether there had been a grant by the debtor of the land bound by the lien of his judgment to a third party." To remedy this the act of April 16, 1849, was passed: Wetmore v. Wetmore, 155 Pa. 507.

Since the act of 1849, a revival of the judgment against the original debtor will bind the terre-tenant unless he has put his deed on record, or is in actual possession of the land, and his right to notice commences only from the date of such record, or the time of such possession: Porter v. Hitchcock, 98 Pa. 625; Wetmore v. Wetmore, 155 Pa. 512; Lyon v. Cleveland, 170 Pa. 611.

Prior to the act of 1849 it was decided that a judgment may be revived against terre-tenants at any time within the period of five years, notwithstanding there may have been an intermediate revival by scire facias without notice to the terre-tenant: Fursht v. Overdeer, 3 W. & S. 470; Lytle v. Smyser, 10 Pa. 381.

The act of 1849 was obviously passed to meet the case of Armstrong's Appeal, 5 W. & S. 352; wherein it was held that under the act of 1827, the terre-tenant must be made a party to the revival of the judgment, though his deed was not on record : Porter v. Hitchcock, 98 Pa. 625.

All the decisions of the Supreme Court recognize the validity of the act of 1849, and they have applied it to the cases as they came up as late as in 1895.

The evident purpose of the act of 1887 was to place the names of the terre-tenant upon the record by the issuing of the scire facias so that the notice would be sufficient thereon to all parties. It did not affect the act of 1849 in any way.

The act of 1887 being a supplement of the act of 1827 does not repeal the acts which were passed by the legislature in the period between 1827 and 1887, as has been stated by the court in the case of Searight's Estate, 163 Pa. 210.

These separate acts of assembly go to make up one separate and distinct system for the revival of judgments. All can be construed together and stand. The provisions of the act of 1849 and the act of 1887 are not conflicting in any particular.

*Denna C. Ogden,* with him *G. Dallas Albert,* for appellee.— In Porter v. Hitchcock, 98 Pa. 625, we have a perfect illustration of the revival of a lien against a judgment debtor as it affects his alienor and terre-tenant when the adversary writ of scire facias is resorted to, and an alias is issued after five years to bring in the terre-tenant.

While in Baum v. Custer, 22 W. N. C. 145, we have as perfect an illustration when only an amicable agreement is entered into by the defendant alone. The first bound the land of the terre-tenant, the second did not. I have searched all the authorities with great care and find nothing in conflict with this distinction. The learned counsel for the appellant altogether mistakes the act of 1849. What was the old law? What was the mischief? And what was the remedy?

The old law is found in the acts of 1798 and 1827. The mischief was discovered in Armstrong's Appeal, 5 W. & S. 352, where the judgment creditor lost his lien without any means of knowing that the terre-tenant had any rights upon the land, the terre-tenant neither residing on the land nor having his deed recorded.

The remedy was the Act of April 16, 1849, P. L. 663: Buck's Appeal, 100 Pa. 109; Armington v. Rau, 100 Pa. 165; Meinweiser v. Hains, 110 Pa. 472; Lyon v. Cleveland, 170 Pa. 611.

Now, then, in the case at bar, the right of seizure was lost on the 6th day of May, 1895, and no alias issued on November 13, 1895, could possibly revive this right against another owner.

In Wetmore v. Wetmore, 155 Pa. 512, I want to draw the

attention of the court to the close parallel between the facts in this case and Baum v. Custer, 22 W. N. C. 145.

Another insurmountable obstacle stands in the way of this plaintiff undertaking to bind the land in the hands of the terre-tenant, and that is the Act of June 1, 1887, P. L. 289 : 3 Trickett on Liens, 310, 311.

OPINION BY WICKHAM, J., July 23, 1897 :

In Yerkes v. Richards et al., 170 Pa. 346, a point reserved, in the language of the one before us in the present case was condemned. There, however, the validity of the point was questioned by a specification of error. Here the matter has not been assigned for error, nor argued, hence we need give it no further attention, and will pass to the only question raised.

Judgment was entered against William F. Findley, on May 6, 1890, and was revived, as against him only, on March 2, 1895, by amicable scire facias. The land bound by the original judgment had been previously conveyed by the defendant to his wife, Catharine E. Findley, by deed dated December 20, 1890, acknowledged March 6, 1891, and recorded April 2, 1891. On November 13, 1895, an alias scire facias was issued on the original judgment, with notice to Mrs. Findley who contends that as to her the proceeding to revive came too late, and that therefore she holds the land discharged from the lien of the judgment against her husband. Her view was adopted· and enforced by the court below, in entering judgment on the reserved question.

The Act of June 1, 1887, P. L. 289, provides that no proceeding shall be available to continue the lien of a judgment "against a terre-tenant, whose deed for the land bound by the said judgment has been recorded, except by agreement in writing, signed by said terre-tenant, and entered on the proper lien docket, or the terre-tenant or terre-tenants be named as such in the original scire facias." This language means that the judgment creditor cannot, as formerly disregard, perhaps for years, the existence of a purchaser from the defendant under a recorded deed. Such a purchaser having done all that is necessary to give notice of his title has now the right to insist that when the judgment is revived, either by an agreement between the plaintiff and the defendant alone, or by a scire facias

wherein he is not named, that the land he bought is not to be held or pursued, as before the passage of the act, for the payment of the defendant's debt. The words of the act are not susceptible of any other reasonable construction. In 3 Trickett on Liens, 312, the view of the author, which we are satisfied indicates the general practice since the act was passed, is thus summed up : " When the deed of the terre-tenant is on record at the time of attempted revival, the scire facias to revive must name him as a terre-tenant, otherwise the lien will be lost in five years from the rendition of the judgment sought to be revived. The same result will follow, the deed being on record, if the revival is attempted by an amicable scire facias which the terre-tenant has not signed." This rule is sufficiently recognized in Lyon v. Cleveland, 170 Pa. 611, the last case on the subject, although a general expression in the opinion, considered apart from the context and the facts, might seem to indicate that the judgment may, after revival against the defendant alone, and at any time within five years from and after the recording of the terre-tenant's deed, bring in the terre-tenant. That he has, under the Act of April 16, 1849, P. L. 663, five years after the recording of the deed, or taking possession by the purchaser, to revive his judgment against the latter is true, but that he can, when so reviving it, skip a terre-tenant whose deed is on record and proceed against him later, is not now the law. To so hold would nullify the act of 1887.

The practice made mandatory by that act is convenient, will often prevent a multiplicity of needless suits, enables terre-tenants to discover earlier than formerly whether the judgment creditor intends to hold the land conveyed, and works no real hardship to anyone.

In Baum v. Custer, 22 W. N. C. 145, decided soon after the passage of the act of 1887, and evidently without any reference thereto, it was held that there was and always had been an important distinction between reviving a judgment amicably by agreement filed, and by issuing a scire facias for that purpose. The plaintiff and defendant, in that case, within the statutory five years revived the judgment by agreement. Between six and seven years after the entry of the original judgment, and two or three years after the terre-tenants had purchased and recorded their deed, an alias scire facias was issued against them.

It was held too late, and that the land was freed from the lien at the end of five years from the entry of the original judgment. It was conceded that had the revival been accomplished through a writ of scire facias the alias would have been in time. As said before, this decision was based on the law as it stood prior to the passage of the act of 1887. That act makes still more hopeless the plaintiff's contention. It will be observed that in all essential respects the facts in the case of Baum v. Custer are similar to those of the present case.

We agree with the conclusion reached by the learned judge of the court below.

Judgment affirmed.