## H. Uhler, Appellant, *v.* Wm. S. Moses and Wm. Cunningham, defendants, with notice to Alda P. Cunningham, terre-tenant.

*Judgment—Revival of lien against terre-tenant.*

The lien of a judgment inter vivos upon the lands of a terre-tenant is limited to five years from the date of the entry or revival thereof; and no proceeding shall be available to continue the lien of a judgment against a terre-tenant unless he be named as such in the original scire facias to revive.

*Repeal of statutes—Lien of judgment.*

The Act of June 1, 1887, P. L. 289, which re-enacts the Act of March 26, 1827, P. L. 129, repeals the Act of April 16, 1849, P. L. 663.

Argued March 14, 1899.    Appeal, No. 25, March T., 1899, by plaintiff, from decree of C. P. Dauphin Co., Jan. T., 1893, No. 71, staying execution so far as it effects the real estate of terre-tenant.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Affirmed. Opinion by BEAVER, J.

Rule to show cause why execution, so far as it affects the real estate of Alda P. Cunningham, terre-tenant, should not be stayed.    Before SIMONTON, P. J.

It appears from the record that judgment in favor of plaintiff was entered against defendant for $600 on single bill dated October 5, 1892.    On October 6, 1897, sci. fa. No. 58, January term, 1898, was issued to revive and on November 17, 1897, judgment of revival was entered against defendants for $780, with interest from October 5, 1897.    An alias sci. fa. to revive was issued December 7, 1897, with notice to Alda P. Cunningham as terre-tenant; the terre-tenant filed an affidavit of defense averring that the judgment had ceased to be a lien upon the property conveyed to her, that the alias sci. fa. had issued too late and defending against revival of judgment against her land.    A motion for judgment for want of a sufficient affidavit of defense was dismissed in the following opinion by McPHERSON, J.:

The question for decision arises upon the following facts: On October 6, 1892, a judgment of $600 was confessed in this

Court in favor of Henry Uhler against William S. Moses and William Cunningham. On June 26, 1895, William Cunningham conveyed to Alda P. Cunningham certain real estate bound by the judgment, and on November 13, 1895, the deed was duly recorded. On October 6, 1897, a scire facias to revive was issued and served upon Moses and Cunningham, but Alda Cunningham was neither named nor served. Judgment of revival for want of an appearance and for want of an affidavit of defense was entered on November 17 against Moses and Cunningham; and on December 7 an alias scire facias to revive was issued. In this writ Alda Cunningham was named as terre-tenant, and having been duly served she has filed the affidavit of defense now under consideration, averring that the judgment had ceased to be a lien upon the property conveyed to her before the alias scire facias issued, and urging that judgment of revival should not be permitted against her land. She does not aver directly that the deed was made and recorded, but the fact was conceded at the argument, and we act upon it as if it appeared in the affidavit. If necessary, we should permit the affiant to amend so as to set out the undisputed fact.

It will be observed that the precise point for decision is this : Shall a judgment of revival upon this writ be permitted against the terre-tenant's land ? The affiant's argument is, that the revival should not be permitted because the original judgment had ceased to be a lien against her land when the alias writ was issued. The validity of this argument need not be passed upon. The period during which the lien of the original judgment would continue against her land after the deed was recorded is to be determined by section 8 of the Act of April 16, 1849, P. L. 663, and the decisions made thereunder—some of which are Porter v. Hitchcock, 98 Pa. 625, Wetmore v. Wetmore, 155 Pa. 507, and Lyon v. Cleveland, 170 Pa. 611—unless the provisions of this section have been modified by the act of 1887 hereafter cited. It may therefore be (contrary to the affiant's argument), that the lien of the original judgment entered on October 6, 1892, continues to exist by force of the act of 1849, five years not yet having elapsed since the deed was recorded; and as a consequence the land may still be liable to execution. Upon this point, however, we express no opinion; for it is quite plain that, although the lien may still exist, the plaintiff may never-

theless have lost his right to extend it against the terre-tenant beyond November 13, 1900—this being the end of five years from the date of recording the deed—because he may have violated some essential requirement in the pending procedure. He is asking to continue the lien of the original judgment during a period of five years, to be counted from the entry of judgment in the proceeding to revive, and so far as the defendants are concerned he has succeeded. So far as the terre-tenant is concerned, however, he may have made some mistake and may thus have lost his right to continue the lien against her. This is a separate question and has no necessary connection with the question already suggested, whether or not the lien of the original judgment will remain in force against Alda Cunningham's land until November 13, 1900, by virtue of the act of 1849.

Returning then to the point whether the plaintiff is entitled to a judgment of revival upon this alias writ against the terre-tenant, we may say briefly that before the Act of June 1, 1887, P. L. 289, his right to the judgment could not have been successfully disputed. The case of Porter v. Hitchcock, 98 Pa. 625, is conclusive upon the point; but the act of 1887 has changed the law in this respect. The express command of that statute now requires that when an effort is made to revive a judgment the terre-tenants must be named in that character in the original scire facias, if their deeds have been recorded; and it has been decided that, if they are not named in the original scire facias, a judgment of revival cannot be entered against them upon an alias writ in which their names may afterwards appear. This may seem a severe penalty for what may sometimes be an unimportant omission. In the present case, for example, if it be true that the lien of the original judgment has been extended against Alda Cunningham until November 13, 1900, by virtue of the act of 1849, and therefore has not yet expired against her land, we think no very obvious reason appears why an alias scire facias might not now issue and a judgment of revival against her be had thereon. But whether reasonable or not, the command of the statute is not ambiguous and must be obeyed. The precise point has been decided by the Superior Court in Suter v. Findley, 5 Pa. Superior Ct. 163, affirming the ruling of Judge Doty, whose opinion may be found in 6 Dist. Rep. 253. This aspect of the act of 1887 has not yet been

considered by the Supreme Court. In Searight's Estate, 163 Pa. 210, Mr. Justice MITCHELL discusses the bearing of the statute upon another question, but the point now before us has not yet been raised in that court. It did not arise in Lyon v. Cleveland, 170 Pa. 611, and neither court nor counsel seems to have alluded to it in any other case than Searight's Estate.

In obedience to the ruling of the Superior Court we hold that the affidavit of defense is sufficient, and refuse the motion for judgment against the terre-tenant.

Exception to plaintiff.

On April 13, 1898, a fieri facias was issued with notice to Alda P. Cunningham, terre-tenant, and on April 26, on petition filed rule was granted to show cause why execution so far as it affects the real estate of Alda P. Cunningham, should not be stayed. On June 19, 1898, the rule was made absolute in the following opinion by SIMONTON, P. J.:

On October 6, 1892, a judgment for $600 was confessed in this court in favor of Henry Uhler against W. S. Moses and William Cunningham. June 26, 1895, William Cunningham conveyed to Alda P. Cunningham, his wife, certain real estate bound by the judgment, and on November 13, 1895, her deed was duly recorded. October 6, 1897, a scire facias to revive this judgment was issued and served upon Moses and Cunningham, but Alda Cunningham was neither named nor served. Judgment of revival for want of an appearance and for want of an affidavit of defense was entered against Moses and Cunningham, November 17, 1897, and on December 7, 1897, an alias scire facias to revive was issued on the original judgment, and in this writ Alda Cunningham was named as terre-tenant, and having been duly served she filed an affidavit of defense, averring that the judgment had ceased to be a lien upon the property conveyed to her before the alias scire facias issued. Motion having been made by the plaintiff for judgment for want of an affidavit of defense, the question was argued, and thereafter, on March 29, 1898, an opinion by Judge McPHERSON was filed, deciding on the authority of Suter v. Findley, 5 Pa. Superior Ct. 163, that the affidavit was sufficient for the reason that the plaintiff had failed to comply with the terms of the Act of June 1, 1887.

P. L. 289, which enacts that no proceeding shall be available to continue the lien of a judgment against a terre-tenant unless he be named as such in the original scire facias to revive.

In this opinion attention was called to the fact that " the period during which the lien of the original judgment would continue against the land of the terre-tenant after the deed was recorded is to be determined by section 8 of the act of 1849, P. L. 663, and the decisions thereunder, unless the provisions of this section have been modified or repealed by the act of June 1, 1887, and that by the act of 1849 the lien is to continue for five years from the date when the deed was recorded;" but the question whether the act of 1849 was modified or repealed was left undecided.

Subsequently, on April 13, 1898, an execution was issued by the plaintiff and procured to be levied upon the land in the possession of the terre-tenant, whereupon she applied for and obtained a rule on the plaintiff to show cause why this execution should not be stayed, to which the plaintiff answered, and the question thus raised is now before us for determination and, practically, is, whether the act of 1887 repeals or so modifies the act of 1849 as to abrogate the provision that the lien of a judgment existing on land at the time it is conveyed to a terre-tenant shall continue for five years from the date when the deed is recorded, leaving the law as in the Act of March 26, 1827, P. L. 129, re-enacted in the Act of 1887, P. L. 289, which expressly enacts that all entries or revivals of judgments shall continue a lien on the real estate of defendant for the term of five years from the date of entry or revival of the judgment, and no longer.

The course of legislation with respect to the revival of judgments and continuing their liens upon lands owned or in the possession of terre-tenants is clearly stated by Mr. Justice DEAN in Wetmore v. Wetmore, 155 Pa. 507, where it is pointed out that the act of 1827 " was found to work injustice to the judgment creditor, because the limitation of five years commenced to run in favor of the terre-tenant from the date of entry or revival of the judgment, whether he was in possession of the land or not and whether his deed was recorded or not; and that the act of April 16, 1849, was passed to remedy this, by providing that the period of five years, during which the lien of the orig-

inal judgment continues, shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record."

Justice DEAN says: "Unquestionably the obvious intent of this act was to continue the lien of the original judgment against the land of the debtor by a revival against him alone, unless the purchaser or terre-tenant put his deed upon record or was in actual possession, in which cases the five years commenced to run in his favor from the date of rendering the deed, or from the date he took possession of the land, personally or by his tenant. We so held in Porter v. Hitchcock, 98 Pa. 625. It was intended by that act to protect the purchaser, as well as to relieve the judgment creditor from the uncertainty incident to the construction given the Acts of April 11, 1798, 3 Sm. L. 331 and 1827."

In accordance with these views, if the act of 1849 was the latest legislation on the subject, we should have no hesitation in deciding that the lien of the plaintiff's judgment in the case now before us would continue for five years from November 13, 1895, the date when the deed of the terre-tenant was recorded. For we think that the clause added to the act of 1827 by the act of 1887 prescribing the conditions which must be strictly complied with before the lien can be continued by revival against the terre-tenant, does not have the effect of shortening the time during which the lien of the original judgment continues.

But the act of 1887 re-enacts the whole act of 1827, including, therefore, the provision that no judgment shall continue a lien upon the real estate of a terre-tenant "for a longer period than five years from the day on which such judgment may be entered or revived, unless revived within that period." But this is so plainly inconsistent with the provision of the act of 1849, that "the period of five years during which the lien of the original judgment continues shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record," that both cannot stand ; and we are therefore compelled to decide that the act of 1849 is repealed by the act of 1887, which re-enacts the act of 1827. The precise question whether this is so did not arise in Searight's Estate, 163 Pa. 210, but it was certainly understood by the court that the effect of the passage of the act of 1887 was to re-enact the pro-

200    UHLER *v.* MOSES.

Opinion of Court below—Assignment of Errors. [10 Pa. Superior Ct.

vision of the act of 1827, limiting the lien of a judgment inter vivos upon the lands of a terre-tenant to five years from the date of the entry or revival of the judgment; for Mr. Justice MITCHELL, delivering the opinion of the court, speaking of the act of 1887, says, at page 216 : " In obedience to the constitutional requirement, the act quotes the whole of section 1 of the act of 1827, and then re-enacts it in the same words with the addition above mentioned. In so doing it necessarily re-enacts the words, ' And no judgment shall continue a lien . . . . for a longer period than five years . . . . unless revived ; ' " and the argument of the opinion and the ground of the decision is, that the Act of February 24, 1834, P. L. 70, 77, "relating to executors and administrators," is not within the purview of the act of 1887, and therefore is not affected by it. If the court had accepted the contention of the counsel for the appellee that the act of 1887 did not change the time of the duration of the lien even inter vivos, the decision would no doubt have been put on that ground ; but the basis on which it actually rests evidently implies that the act of 1887 does change the time of the continuance of the lien inter vivos. If this view be correct, the lien of plaintiff's judgment, which was originally entered October 6, 1892, expired October 7, 1897, and therefore the land of the terre-tenant originally bound by the judgment was not subject to its lien on April 13, 1898, when the execution now asked to be stayed was issued and levied upon the land; and the rule to show cause why the execution should not be stayed must therefore be made absolute. Exceptions to plaintiff.

Rule to stay made absolute. Plaintiff appealed.

*Errors assigned* among others were (1) in making absolute rule to show cause why execution should not be stayed. (3) In that part of the opinion filed which is to be read as follows : " The lien of plaintiff's judgment, which was originally entered October 6, 1892, expired October 7, 1897, and therefore the land of the terre-tenant originally bound by the judgment was not subject to its lien on April 13, 1898, when the execution now asked to be stayed was issued and levied upon the land ; and the rule to show cause why the execution should not be stayed must therefore be made absolute." (4) In deciding that the Act of April 16, 1849, was repealed by the Act of June 1, 1887.

*C. H. Bergner,* for appellant.—The question in this case lies within narrow confines. It is to be resolved by determining the Act of April 16, 1849, P. L. 663, is repealed by the Act of June 1, 1887, P. L. 289. Such repeal was not within the intention of the legislature.

The gross injustice to the judgment creditor of the act of 1827 was no sooner made public through the decision of Armstrong's Appeal, 5 W. & S. 352, than the legislature passed the act of April 16, 1849, providing that the period of five years during which the lien of the original judgment continues shall only commence to run in favor of the terre-tenant from the time he has placed his deed on record.

In the amendment to the act of 1827, is it possible to discover any intention on the part of the legislature to amend an act of assembly, the act of April 16, 1849, which was passed by the legislature not only to wipe out an absurdity, but to correct a great injustice which the Supreme Court of this state judicially declared had been perpetrated by the act of 1827, to wit: the destruction of the lien of a judgment creditor upon real estate through the juggling of the title by the judgment debtor with a convenient terre-tenant who would carefully avoid taking possession of the land and would just as carefully avoid placing his deed on record or allowing the fact of his ownership to become known?

The thing within the intention is within the statute, though not within the letter; and a thing within the letter is not within the statute, unless within the intention: People v. Insurance, 15 Johns. 358, 380.

The repeal of the act of April 16, 1849, has not been accomplished by the amending act of June 1, 1887, unless it was within the intention of the legislature. There is no express repealing clause; therefore there can be no repeal of the act of 1849, unless the repugnancy between that act and the amending act of June 1, 1887, is so clear and precise that both acts cannot stand together. In what way is the amending act of June 1, 1887, repugnant to the act of April 16, 1849? There is no inconsistency, there is no repugnancy, in these two acts. Both can stand together; both work together to do justice and prevent injustice. If both acts can stand together there is no repeal by implication: Barber's Case, 86 Pa. 392, 400; Erie v. Bootz, 72 Pa. 196; Hendrix's Account, 146 Pa. 285.

Such repeal was not sanctioned by the law as generally declared.

A law repealing and at the same time re-enacting the provisions of the repealed law, does not annul the provisions of the old law, it simply continues them in force: Randolph v. Larned, 27 N. J. Eq. 561; Wright v. Oakley, 46 Mass. 400, and cases there cited: Pacific M. S. S. Co. v. Joliffe, 69 U. S. 450; Morisse v. Bank, 1 C. B. N. S. 67; Wallace v. Blackwell, 3 Drew, 538; Rex v. Dove, 3 B. & A. 596.

Such repeal is not sanctioned by the law as declared in Pennsylvania: Barclay v. Leas, 9 Pa. C. C. R. 314; Lyon v. Cleveland, 170 Pa. 611; Suter v. Findley, 5 Pa. Superior Ct. 163.

*Benjamin M. Nead,* for appellee.—Mr. Justice WICKHAM, delivering the opinion of this court in Suter v. Findley, 5 Pa. Superior Ct. 163, has practically decided the material points in controversy in the case now pending.

OPINION BY BEAVER, J., April 17, 1899:

Alda P. Cunningham, who was not named as defendant in any effectual preliminary proceeding in the court below and against whom no judgment was entered, presented her petition to set aside a fi. fa., in pursuance of which the sheriff levied upon real estate belonging to her and as to which she was described in the fi. fa. alone as terre-tenant. Upon what judgment was this fi. fa. issued? If upon judgment No. 58, January term, 1898, which was entered in a scire facias to revive a judgment against Moses and Cunningham, entered originally October 5, 1892, the petitioner was not only not a party thereto but it had been expressly decided by the court of common pleas, from whose decree no appeal had been taken, that in an alias sci. fa. no judgment could be entered against her. Upon what ground, therefore, or by what right the sheriff levied upon her real estate does not appear. If it be said that the plaintiff had a lien upon her real estate, by virtue of the 8th section of the Act of April 16, 1849, P. L. 663, and that the fi. fa. was issued upon the original judgment because thereof, it can be answered that, whilst it is true that that act gave the plaintiff a lien upon real estate bound by the original judgment for five years from the time that the petitioner placed her deed upon record, it did not give the plaintiff the right to issue an exe-

cution upon a judgment which had not been revived for five years. The plaintiff seems to have recognized this difficulty and, if we understand the record, properly issued his writ of fieri facias upon the revived judgment. It is difficult to see how this writ could have been sustained in either event.

The Act of June 1, 1887, P. L. 289, was intended to remedy evils which were clearly recognized, and not only re-enacted in express terms the 1st section of the Act of March 26, 1827, P. L. 129, but added: " And no proceeding shall be available to continue the lien of said judgment against a terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement in writing signed by said terre-tenant and entered on the proper lien docket, or the terre-tenant or terre-tenants be named as such in the original scire facias." This addition to the act of 1827 is so repugnant to the provisions of the. act of 1849, supra, that they cannot be construed consistently with each other, so as to give effect to both. We are, therefore, satisfied that the act of 1887 repealed in effect the act of April 16, 1849, supra. The grounds upon which this decision must rest are so fully and clearly stated by the president judge of the court below that it is not necessary to repeat either the reasoning or the authorities here. The petitioner was not mentioned in the original scire facias and although the attempt was made later to bring her in as terre-tenant upon an alias writ of scire facias, this was very properly rendered ineffectual by the refusal of the court below to enter judgment against her therein, because of the failure of the plaintiff to issue his alias sci. fa. to bring in the terre-tenant within five years from the date of the entry of the original judgment: Suter v. Findley, 5 Pa. Superior Ct. 163.

Agreeing, as we do, with the view of the court below that the act of June 1, 1887, supra, practically repealed the act of April 16, 1849, supra, we hold " that the lien of plaintiff's judgment, which was originally entered October 6, 1892, expired October 7, 1897, and, therefore, the land of the terre-tenant originally bound by the judgment was not subject to its lien on April 3, 1898." The decree making absolute the rule to show cause why the execution should not be stayed was, therefore, properly entered.

Decree affirmed and appeal dismissed.