## Barrell *v.* Adams, Appellant.

*Deed—Fraudulent conveyance—Lien creditor.*

A deed is not fraudulent as to a creditor whose debt is secured by a judgment or other lien upon the land conveyed. The lien creditor may follow the land, irrespective of changes in title, whether honest or dishonest.

*Judgment—Revival—Lien—Notice to terre-tenants.*

Where land subject to a judgment has been conveyed, and thereafter the judgment is revived against the defendant alone without naming the terretenant in the scire facias, the lien of the judgment on the land is lost.

*Equity—Jurisdiction—Enjoining use of execution process—Judgment.*

Where an execution is being used to harass or annoy another, or to cast a cloud upon the title to land, or to levy and sell the same in a case where it is clear that the defendant in the judgment has no shadow of title or interest which can be sold, equity will intervene and restrain the sale to prevent the casting of a shadow upon the plaintiff's title, as by a sale under a judgment against their vendor.

Where land subject to a judgment has been conveyed, and afterwards the judgment has been revived without notice to the terre-tenants, and the lien on the land is lost, the plaintiff will be restrained from issuing execution to sell the land; and this is especially so where he has delayed for ten years after the deed was recorded.

Argued Oct. 25, 1904. Appeal, No. 12, Oct. T., 1904, by defendants, from decree of C. P. Northumberland Co., equity docket, 1902, No. 250, on bill in equity in case of Annie M. Barrell, Alice Sizer and Frederick Sizer v. Susan K. Adams and George G. Adams, administrators of George C. Adams, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an injunction.

The opinion of the Superior Court states the case.

*Error assigned* was the decree enjoining sale of the lands.

*S. B. Boyer*, for appellants.—A creditor has a right to seize

and sell any real estate to satisfy his debt in which his debtor is believed to have an interest.    Whether a title would pass or not was to be tested by an action of ejectment: Taylor's Appeal, 93 Pa. 21; Winch's App., 61 Pa. 424.   •

*F. B. Moser*, of *Lark & Moser*, with him *D. W. Shipman*, for appellee.—Where the process of law is being used against right and justice, to the injury of another, the right of the latter to invoke the intervention of a court of equity cannot be doubted: Coal Co. v. Ryon, 188 Pa. 138; Hunter's App., 40 Pa. 194; Artman v. Giles, 155 Pa. 409; Davis v. Michener, 106 Pa. 395; Winch's App., 61 Pa. 424; Taylor's App., 93 Pa. 21.

Where, at the time of the issuing of a scire facias to revive a judgment, a deed is on record from the judgment debtor, and the terre-tenant is not named in the scire facias, the land is relieved from the lien of the judgment: Suter v. Findley, 5 Pa. Superior Ct. 163; Uhler v. Moses, 200 Pa. 498; Long v. McConnell, 158 Pa. 573; Baum v. Custer, 22 W. N. C. 145; Lyon v. Cleveland, 170 Pa. 611.

Judgment creditors are not affected by a fraudulent deed made by the debtor after the entry of their judgments, inasmuch as the fraudulent grantee takes title subject to their judgment.   A conveyance intended to defraud creditors is not void, but only voidable by the creditor whom it was intended to defraud, and this does not include prior lien creditors: Fidler et al. v. John, 178 Pa. 112; Byrod's App., 31 Pa. 241; Fisher's App., 33 Pa. 294; Dungan's App., 88 Pa. 414; Zuver v. Clark, 104 Pa. 222; Henderson v. Henderson, 133 Pa. 399; Long v. McConnell, 158 Pa. 573.

OPINION BY MORRISON, J., December 12, 1904:

The plaintiffs filed their bill in equity asking the court to restrain the defendants from selling certain real estate of the plaintiffs on an execution issued on a judgment against Aaron Barrell.   To this bill the defendants demurred, and their demurrer being overruled, they then answered and afterwards upon hearing the court granted an injunction restraining the defendants from selling the land, mentioned and described in the bill, for the purpose of satisfying the judgment against the defendants therein.

The appellants' paper-book is so badly arranged and printed that we have had much difficulty in gleaning from it the necessary facts for an intelligent disposition of the case. But, as we understand the material facts, they are as follows : On and prior to June 26, 1893, Aaron Barrell was seized in fee simple and was in possession of the land described in the bill. On July 25, 1891, a judgment was entered in the court of common pleas of Northumberland county, in favor of George C. Adams and against Aaron Barrell to No. 296 of September term, 1891 for $1,000. On June 25, 1893, Aaron Barrell and wife conveyed said land by deed duly executed, and recorded on June 28, 1893, to Anna M. Barrell and Alice Sizer. Subsequently these grantees conveyed three small tracts, portions of said land, to William S. Adams, George W. Cook and Wilson Willow, respectively. On July 3, 1896, there was an amicable revival of the above entitled judgment for $600 in favor of George C. Adams and against Aaron Barrell to No. 299 of September term, 1896, but without notice to Anna M. Barrell and Alice Sizer, terre-tenants. The deed of these terre-tenants was on record from June 28, 1893, and they were not made parties to said revival nor did they give their consent in writing to the revival and continuance of the lien of said judgment against them. Therefore the lien of said judgment expired as to the land conveyed to them by Aaron Barrell in five years from the entry of said judgment, to wit: on July 25, 1896, and in the meantime no execution had been issued on said judgment and consequently no levy had been made on the land of these terre-tenants. On July 1, 1901, a sci. fa. to revive the said judgment No. 296, September term, 1891, revived to No. 299, September term, 1896, against Aaron Barrell, was issued by the defendants with notice to Alice Sizer and Anna M. Barrell, terre-tenants. And on August 15, 1901, an alias sci. fa. was issued by said defendants upon the judgment No. 299, September term, 1896, against Aaron Barrell with notice to said terre-tenants ; and on February 17, 1902, the defendants, plaintiffs in said alias sci. fa., suffered a voluntary nonsuit as to Anna M. Barrell and Alice Sizer terre-tenants, and took judgment against Aaron Barrell for want of an appearance. Subsequently the defendants caused execution to be issued on said judgment and in pursuance

thereof, the sheriff levied upon the said land of the plaintiffs as the property of Aaron Barrell and advertised the same for sale. Upon this state of facts the court below granted a preliminary injunction and afterwards made it permanent, restraining the defendants from selling the said land upon the judgment against Aaron Barrell.

The learned counsel for the appellants took this appeal from the decree and argues that the defendants had the right to levy upon the plaintiffs' land and sell it upon the theory that they took it subject to the payment of the Aaron Barrell judgment, as purchase money; and secondly, that they had a right to have the land sold by the sheriff and then bring an action at law to test the title thereby acquired.

The learned counsel also urges that the land was liable to be sold because it was conveyed to the plaintiffs to defraud the creditors of the grantor, one of whom was George C. Adams, the plaintiff in said judgment. But we have a long line of cases deciding that a deed is not fraudulent as to a creditor whose debt was secured by a judgment or other lien on the land. This because the grantee necessarily takes subject to the lien, and the creditor may pursue the land just as if it had been conveyed to one who purchased in good faith for a full consideration. The prior lien creditor may follow the land, irrespective of changes in the title, whether honest or dishonest. A judicial sale on his lien vests in the purchaser the title which the debtor had when the lien attached, and divests that of the debtors grantee: Haak's Appeal, 100 Pa. 59; Fidler et al. v. John, 178 Pa. 112; Byrod's Appeal, 31 Pa. 241.

In the light of these and many other cases it is of no consequence in the present inquiry whether the conveyance from Aaron Barrell to the plaintiffs was fraudulent or not as to other creditors. That deed could not defraud the defendants because of the judgment lien which then existed and upon which the land could have been sold and if said judgment had been kept revived, with notice to the terre-tenants, it was impossible for that conveyance to defraud the owners of the judgment. But under our laws the lien of this judgment was lost by reviving it against the defendant alone, without naming the terre-tenants in the scire facias.

See Act of June 1, 1887, P. L. 289. In Uhler v. Moses, 200 Pa. 498, it is said (p. 503) : "But, it is asked, upon what does the act of 1887 operate at all if it does not operate to repeal the act of 1849 ? We answer almost in the express words of the act, it operates to relieve the land from the lien of the judgment where the deed of the terre-tenant has been placed of record, and in the scire facias to revive, the terre-tenant has not been named." To the same effect is Suter v. Findley, 5 Pa. Superior Ct. 163.

In our case the deed to the terre-tenants was on record more than seven years before the terre-tenants were attempted to be brought in and the attempt was not made until ten years after the entry of the original judgment. Therefore the lien of the judgment upon the plaintiffs' land was gone and the defendants had no right to direct the sheriff to levy upon this land and sell it as the property of Aaron Barrell, who had parted with his title more than ten years before the levy and attempted sale. It is unnecessary to cite other decisions upon this point as they would only be cumulative.

We dispose of the defendants' contention that the terre tenants took the land bound by this judgment and agreed to pay it as purchase money, by saying that there is no sufficient evidence to sustain this assumption. Undoubtedly the plaintiffs did take the land with knowledge of this judgment lien and that if it were continued as a lien against their land they would be compelled to pay it or else allow the land to be sold to satisfy it. But the defendants contention that the plaintiffs assumed to pay this judgment and therefore the land may be sold upon an execution against their grantor is not supported by the evidence nor authorized by law : 1 Trickett on Liens, p. 216 ; Appeal of Jacobs, 107 Pa. 137 ; Albright et al. v. Lafayette Bldg. & Savings Association, 102 Pa. 411–416.

The remaining question is: "Will equity restrain the appellants from selling the appellees' land under an execution issued against Aaron Barrell upon a judgment which was not a lien upon the land of the appellees at the time of the issuing of the execution and had not been for many years prior thereto, and Aaron Barrell, the defendant in the execution, having no right, title or interest in the land levied upon ? "

In Kreamer v. Fleming, 200 Pa. 414, it is held, in substance,

that ordinarily a bill in equity will not lie to restrain an execution creditor from proceeding in due course to sell land alleged to belong to his debtor. Ejectment is generally the exclusive remedy in cases of disputed title. But where the process of law is being used against right and justice to the injury of another, the right of the latter to invoke the intervention of a court of equity cannot be doubted. See also Coal Co. v. Ryon, 188 Pa. 138 and Taylor's Appeal, 93 Pa. 21.

These and many other cases hold that where an execution is being used to harass or annoy another, or to cast a cloud upon the title to land, or to levy and sell the same in a case where it is clear that the defendant in the judgment has no shadow of title or interest which can be sold, equity will intervene and restrain the sale to prevent the casting of a shadow upon the plaintiffs' title, as by sale under a judgment against their vendor.

The learned court below found as a fact from the evidence that Aaron Barrell, the defendant in the judgment, had no shadow of title or interest in the land which the defendants were restrained from selling. A careful examination of the evidence leads us to the same conclusion. The defendants do not and cannot deny that Aaron Barrell conveyed the land to the plaintiffs by deed duly recorded about ten years before the attempt to sell it on a judgment against the grantor alone. To permit this would certainly cast a cloud upon the plaintiffs' title. This, because the defendant in the judgment having been the owner of the land at one time, the sale of it by the sheriff and the delivery of a deed by him would cloud the title : 6 Am. & Eng. Ency. of Law (2d ed.), 163.

In our opinion the plaintiffs presented such a clear case in the court below that to have refused an injunction would have been a practical denial of justice.

The assignments of error are all dismissed and the decree is affirmed, at the costs of the appellants.