## Gay *v.* Chambers, Appellant.

*Equity—Findings of fact—Injunction—Staying sheriff's sale—Cloud on title.*

On a bill in equity to restrain a sheriff's sale of real estate on the ground that such sale will cast a cloud upon the complainant's title, a finding of fact supported by sufficient testimony that the defendant in the execution had no interest whatever in the land, will not be set aside in the absence of manifest error.

Argued May 4, 1908.  Appeal, No. 157, April T., 1908, by defendant, from decree of C. P. Indiana Co., June T., 1907, No. 4, awarding an injunction in case of Myrtle D. Gay v.

L. E. Chambers.   Before RICE, P. J., PORTER, HENDERSON,
MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Bill in equity for an injunction.   Before TELFORD, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was decree awarding injunction.

*A. J. Truitt,* for appellant.

*D. H. Tomb,* with him *J. N. Banks,* for appellee.

OPINION BY MORRISON, J., July 15, 1908:

This is an appeal by defendant from a final decree restraining him from selling at sheriff's sale a farm as the property of Charles C. Chambers.   The record or paper title to the farm in question stood in the name of the plaintiff, and there was no record or paper title to the same in Charles C. Chambers, at any time, so far as the evidence discloses in this case.   The learned court below saw the witnesses and heard them testify, and he considered the written and oral testimony and found as a fact that Charles C. Chambers, defendant in L. E. Chambers' judgment and execution, had no interest in the land in question that could be sold on said execution, that if all the evidence were before him in a jury trial he would not submit the case to a jury, but would direct a verdict for the plaintiff in the present case.

We find in the record a large number of exceptions and seventeen assignments of error, but do not deem it necessary or profitable to discuss the exceptions and assignments separately. The controlling question is, did the plaintiff present such a clear case that Charles C. Chambers had no interest in the land in question, that to permit it to be sold on the defendant's execution would harass and annoy plaintiff or cast a cloud upon her title?   Was it made clear that the defendant in the judgment and execution had no shadow of title or interest which could be sold on the execution?   If so equity will restrain such a sale: Kreamer v. Fleming, 200 Pa. 414; Coal Company v. Ryon, 188

Pa. 138; Taylor's Appeal, 93 Pa. 21; Barrell v. Adams, 26 Pa. Superior Ct. 635.

The paper title being clearly in the plaintiff and the question of any other interest in the land being in Chambers depended on the oral testimony, and of its credibility and weight the court below was in the best situation to judge. The learned judge below having found the facts necessary to justify restraining the sale of the plaintiff's land, our question is not what we might have found on the same evidence, in the first instance, but does the appellant's exceptions, argument, assignments of error and the evidence convince us of such plain error, on the part of the court below, that the decree should be reversed? We cannot say that the learned court's findings of fact are not supported, by competent evidence, nor that they are not sufficient to bring the case within the rule where equity will restrain. The findings of fact by a judge in an equity proceeding will not be set aside except for manifest error: Byers v. Byers, 208 Pa. 23; Com. ex rel v. Stevens, 178 Pa. 543; Steinmeyer v. Siebert, 190 Pa. 471; Davis v. Pipe Lines, 34 Pa. Superior Ct. 438.

The learned court below evidently reached the conclusion that the proposed sheriff's sale of the land, as the property of Charles C. Chambers, would pass no title to any interest therein and that such sale would only harass and annoy the plaintiff and probably cloud her title. In brief, that the sale would be against right and justice and to the injury of the plaintiff. Giving due consideration to the able argument of appellant's counsel we cannot say, under all the evidence and authority, that there is manifest error in the conclusions of the court or in the decree.

The assignments of error are all dismissed and the decree is affirmed at the costs of appellant.