## Ebert and Barnitz's Appeal.

A testatrix, by her will, created a trust fund for the benefit of a relative, and appointed E. G. to be the trustee to receive and apply the fund as directed, and by a subsequent clause of her will she appointed the same E. G. to be her executrix.   Upon the death of E. G. and the issuing of letters of administration *de bonis non cum testamento annexo*, it was *held*, that the administrators were not entitled to the trust fund, and that the court of common pleas had power to appoint a trustee in the place of the deceased.

APPEAL by Martin Ebert and Jacob Barnitz, administrators with the will annexed of Elizabeth Goering, deceased, from the decree of the court of common pleas of *York* county, appointing Henry Hoober a trustee for Lydia Keiler in the place of Elizabeth Goering the elder, deceased, upon the following petition of the said Lydia Keiler:

" The petition of Lydia Keiler, wife of George Keiler, and late Lydia Zimmerman, respectfully represents, that her sister Elizabeth Goering, single woman, late of York borough, in said county, deceased, by her will gave a part of her estate to your petitioner, and then by said will directed as follows, viz:

"'Item.   I appoint my mother, Elizabeth Goering, sole trustee of my sister Lydia Zimmerman, and she is hereby authorised to take all the property herein willed to her into her hands, and pay it over to her at what times and in what sums she may think proper, at her own discretion, or to her child or children if she should have more, towards their maintenance, education, or when they come to lawful age; and in case of her child or children's death, her share, or what may be left, is to be equally divided among my surviving sisters.   And last, I do hereby constitute and

[Ebert and Barnitz's Appeal.]

appoint my mother, Elizabeth Goering, to be sole executrix of this my last will and testament,' &c.  That at the death of testatrix your petitioner was the widow of Andrew Zimmerman, and had one child, now about thirty years of age, named Alexander G. Zimmerman, that she afterwards married said George Keiler, and has one child by him, now living, named Jacob G. Keiler, and twenty-one years of age.  That your petitioner's surviving sisters are Mary Harris, (widow,) Henrietta Goering, and Catherine Haller, (widow,) and that her mother, the said trustee, resided in York county at the commencement of said trust, and she is now dead, and that the part of said testatrix's estate given in trust as aforesaid, is 259 dollars 22 cents, and is in the hands of Martin Ebert and Jacob Barnitz, as administrators *de bonis non* with the will of testatrix annexed.

"Your petitioner, therefore, prays the court, in order to prevent the failure of said trust, to appoint Henry Hoober, of Lancaster county, Pennsylvania, trustee of the funds bequeathed as aforesaid, in place of said Elizabeth Goering, widow, deceased."

The court (Durkee, president) made the appointment in pursuance of the prayer of the petitioner.

*Evans*, for appellants, cited 4 *Whart.* 179.
The court declined to hear any argument for the appellee.

The opinion of the court was delivered by

KENNEDY, J.—Elizabeth Goering, the mother of the testatrix, appears to have been appointed a trustee by her proper name, and also executrix of the will in like manner, by distinct and separate clauses contained therein.  But she having died after proving the will and taking out letters testamentary upon it, and letters of administration *de bonis non* with the will annexed being thereupon granted to Martin Ebert and Jacob Barnitz, Lydia, the legatee, applied by petition to the court of common pleas of the county in which the first trustee resided at the commencement of the trust, and continued to do so until her death, to have a trustee appointed in place of the first, to take charge of the trust fund.  The court accordingly appointed Henry Hoober, who resided in the adjoining county of Lancaster.  The administrators *de bonis non*, conceiving that the court of common pleas had no power to appoint a trustee in such case, appealed from the decree of the court making the appointment.  The only question then raised upon the appeal is, had the court of common pleas jurisdiction over the case, so as to give them authority to make the appointment?  The 15th section of the act of the 14th of June 1836, *Str. Purd.* 942, provides that when a trust of either real or personal estate has been created by deed, *will* or otherwise, for the use or benefit of any person, the court of common pleas of the county in which the trustee has resided, shall exercise the jurisdiction and powers given by law in

IX.—2A*

regard to such trust: "*Provided,* that nothing therein contained shall extend to trusts created by will, and vested in executors or administrators, either by words of the will, or by provisions or operation of law, whenever such executors or administrators, by the existing laws, are amenable to the orphans' court." And again, under the 23d section of the same act it is enacted, that when any such trustee shall die, the court having jurisdiction as aforesaid, shall have power to appoint a trustee on the application by petition of any person interested in the estate or property, which is the subject of the trust, after due notice given to the persons concerned. And the same powers, without any exception as to the trust being vested in executors or administrators, would seem also to have been given to the courts of common pleas of the several counties within the state, by the prior act of the 14th of April 1828. *Str. Purd.* 941. It has, however, been objected that the court of common pleas could not make the appointment here, because the trust is created by will, and was vested in the executrix by the words of the will. But this objection does not appear to be well founded in regard to its having been vested in the executrix as executrix. For the trust, though created by will, is not thereby vested in the executrix, *quasi* executrix or *ratione officii,* but given to her *nominatim.* As the trust, therefore, is not connected by the words of the will, nor yet by any of the provisions or operation of law with the executorship, the trust and the executorship are to be viewed as if they were vested in two distinct and different persons by the words of the will. And no doubt the testatrix, feeling particularly anxious that the trust should be vested in and accepted by the mother, whether she accepted the executorship or not, therefore gave each appointment to her by her *proper name,* without more. Had the trustee, as is sometimes the case, been appointed *nominatim* in the character of executrix, as, for instance, "I appoint my mother, Elizabeth Goering, my executrix, trustee, &c.," it might have presented a more difficult question: one possibly, in respect to which, a difference of opinion might have prevailed among the profession. As where a power is given by the testator in his will to A. and B., his executors, to sell his lands, and one of them happens to die before the power is executed, different opinions have been entertained by eminent lawyers, in respect to the question, whether the survivor in such case can exercise the power and sell the land. See Mr Hargrave's note, 2 *Co. Lit.* 113, *a;* 1 *Williams on Executors* 156; 2 *Ibid.* 625, 626; 1 *Sugden on Powers* 138, (6th ed.;) 2 *Preston on Abstr.* 264; *Perkins, No.* 548. This last writer says, "If a man willeth that A. and B., his executors, shall sell his land, &c., and they refuse before the ordinary, yet they may sell, because they are certainly named, so as it appeareth that the will of the testator is that they shall sell, whether they refuse or not. But otherwise it shall be, (as it seemeth,) if he willeth that *his executors* shall sell, without expressing their names, and they refuse before

the ordinary, they cannot sell," &c.    The latter of these two pro-positions is denied by Mr Sugden, who says, when the power is given to the executors to sell lands, they may exercise it, although they renounce the probate of the will; and refers, in support of what he thus says, to 14 *Hen.* 7, and 15 *Hen.* 7 *fo.* 11, *b.*    Perkins also seems to refer, for what he says, to 15 *Hen.* 7, 12, which is the same case, I take it, and to 19 *Hen.* 8, 9.    Mr Sugden and Mr Preston coincide in opinion; but Mr Williams inclines to take side with Perkins.    All, however, agree that, if the power is conferred on the same persons who are appointed executors, designating them by their proper names, without alluding to their being executors of the will, they may execute the power, notwithstanding they have renounced.    And it is perfectly clear in the case before us, as much so as language can well make it, that the appointment of trustee has no connection with or reference whatever, by the terms of the will, to the office of the executrix, and that the trust, there-fore, never vested in her by reason of her having been appointed executrix.    The terms creating the trust are altogether different from those used in the case of Innes's Appeal, 4 *Whart.* 179. There the legacy was given to the legatee "to be paid to her by *the executor*, at such times as he in his judgment," &c.    Thus, vesting the trust in the *executor*, whoever he might happen to be, by the plainest terms imaginable; and Mr Justice Sergeant, therefore, in delivering the opinion of the court, very properly calls it a trust *annexed to the office of the executor.*    But, in the case before us, the appointment of trustee is expressly given to Elizabeth Goering by name, and would have vested and continued in her upon the death of the testatrix, though she had renounced the executorship, or another person had been appointed executor of the will.    We are, therefore, of opinion that the court below had jurisdiction of the matter, and full power to appoint a trustee on the application of a *cestue que use,* by petition as it was made.

The decree is affirmed, and the appellants ordered to pay the costs of the appeal.