## Sheaffer's Estate.

*Trusts and trustees—Executors and administrators—Orphans' court—Jurisdiction—Married women.*

1. Where a feme covert has taken into her own hands assets of a trust estate required for the execution of a trust constituted for her benefit by the will of her father, the orphans' court has jurisdiction to compel her to restore the assets thus wrongfully derived to the trustee entitled to the custody thereof.

2. An administrator d. b. n. c. t. a. has no power to execute a trust reposed in executors under a will, not connected with the office of executor, but reposed in them as trustees.

Argued Oct. 26, 1910. Appeal, No. 137, Oct. T., 1910, by Annie R. Phillipi, from decree of O. C. Allegheny Co., Feb. T., 1910, No. 176, directing the conveyance of real estate and the payment of money in Estate of William Sheaffer, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to compel restoration of assets alleged to have been transferred in breach of trust. Before HAWKINS, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree directing the conveyance of real estate and the payment of money.

*H. Fred Mercer*, for appellant.—The petition is a bill of ejectment: Long's App., 92 Pa. 171; Richard's App., 100 Pa. 51; Odd Fellows' Bank's App., 123 Pa. 356; Duncan v. Iron Works, 136 Pa. 478; Ferguson's App., 117 Pa. 426.

The orphans' court had no jurisdiction to determine the disputed title: Spencer's Est., 227 Pa. 469; Goodwin v. Colwell, 213 Pa. 614.

*Thomas P. Trimble*, with him *Edward C. Chalfant*, for appellee.—The court had jurisdiction: Tyson's App., 191 Pa. 218; Barklay's Est., 10 Pa. 387; Kittera's Est., 17 Pa.

416; Cutler's Est., 225 Pa. 167; Paxson's Est., 225 Pa. 204; Shollenberger's App., 21 Pa. 337; Bell's App., 71 Pa. 465; Mulholland's Est., 154 Pa. 491; Watt's Est., 158 Pa. 1; Getts's Petition, 2 Ashmead, 441; Mussleman's App., 65 Pa. 480; Brooke's App., 102 Pa. 150.

OPINION BY MR. JUSTICE POTTER, February 27, 1911:

In this appeal, counsel for Mrs. Annie R. Phillipi, contend that the orphans' court erred in its decree directing her to convey certain real estate to the administrator d. b. n. c. t. a. of her father's estate, and in requiring her to pay to him the proceeds of a certain mortgage, which it was alleged had been transferred to her from the estate, without consideration. It appears from the record that William Sheaffer died December 28, 1905, leaving a will in which his son George and his wife Catherine were appointed executor and executrix. The will was probated January 4, 1906, and letters testamentary issued the same day. To the widow, Catherine Sheaffer, was given the income of the estate for her life, and she and George Sheaffer were made trustees with power to sell or lease the real estate, and dispose of the personal property, at their discretion, and to reinvest the funds. The testator provided that if at the death of his wife, Catherine Sheaffer, his son William Sheaffer should then be living, the sum of $12,000 should be given to George Sheaffer in trust, to pay the net income therefrom to William Sheaffer, during the term of his natural life, and at his death the principal to be divided among the other children of the testator living at such time. The residue of his estate he gave to his sons George and Harry, and to his daughter Annie Phillipi, their heirs and assigns forever. But he directed that the share of his daughter should be held in trust by his son George, as long as she remained the wife of Benton Phillipi. Full control of the trust fund was given to the trustee, George Sheaffer, to reinvest it, and collect the income and pay it over for the use and benefit of William Sheaffer, Jr., and for

Annie Phillipi. If the daughter survives her husband, or is legally separated from him, the trust for her benefit is to terminate, and the fund vest in her absolutely. Should she die without issue living at her death, the fund is to go to George and Harry Sheaffer, and their heirs.

In the year 1907, George Sheaffer, and his mother Catherine Sheaffer, acting under the authority in the will, purchased a piece of real estate. This property was afterwards conveyed to one William Taylor, the father-in-law of George Sheaffer, for what purported to be a consideration of $24,000. On January 28, 1908, a quit-claim deed for this property was made to William Taylor, by George Sheaffer and Catherine Sheaffer, executors and trustees under the will of William Sheaffer, and as individuals, by George Sheaffer and his wife, Harry Sheaffer and his wife, and Annie Phillipi and her husband, Benton Phillipi. On March 5, 1908, a receipt was given to Annie Phillipi by George Sheaffer and Catherine Sheaffer, executors, for the sum of $5,000 in payment for a mortgage of that amount which was transferred to her, and which she subsequently satisfied of record.

William Taylor executed a mortgage for the sum of $10,000 upon the real estate which had been transferred to him, and afterwards conveyed the property to Annie Phillipi for the stated consideration of $24,000, being the same amount as that set forth in the deed to him. The court below found that in fact no consideration was paid by William Taylor for the property, and none was paid to him when he transferred it to Annie Phillipi. Part of the sum of $10,000 which was obtained by the execution of the mortgage by William Taylor was used to discharge a prior mortgage of $4,800, assumed in the purchase of the property, and the balance was used in the payment of the contractors, for the building of a house upon the lot.

It appears from the petition that Catherine Sheaffer, executrix and trustee as aforesaid, died on January 31, 1909; and that George Sheaffer, the sole surviving trustee

under the will of William Sheaffer, presented his petition to the orphans' court asking to be discharged from further duties as executor and trustee; and on March 20, 1909, he was discharged by the court, and the Commonwealth Trust Company was appointed administrator d. b. n. c. t. a. of the estate of William Sheaffer. It appears also from the answer, that on September 22, 1909, the Dollar Savings Fund & Trust Company was appointed by the orphans' court to act as trustee of the estates of the son, William Sheaffer, and of the daughter, Annie Phillipi, under the will of William Sheaffer, deceased. The petition in this case was then filed by the administrator d. b. n. c. t. a. praying that the said Annie Phillipi be compelled to reconvey the property which had been deeded to her, and to pay over the proceeds of the mortgage which had been transferred to her. To this petition Mrs. Phillipi filed an answer setting forth that she had paid a consideration for the property, and that the remaindermen having joined in the deed to her, the trust was at an end. The orphans' court made a decree ordering restitution of the property on the ground that no consideration was paid for it, and the conveyance was a diversion of assets in breach of a trust.

As to the separate use trust created by the will of William Sheaffer for the benefit of Annie R. Phillipi, that could not be set aside or affected by any conveyance, or agreement, or act of herself and her husband. In MacConnell v. Lindsay, 131 Pa. 476, Mr. Justice CLARK said (p. 486): "The rule is now well settled that neither the feme-covert, nor her husband, nor both together, have any powers over her separate estate, except what are given by the trust instrument, and that even these must be strictly construed."

In Holliday v. Hively, 198 Pa. 335, Mr. Justice BROWN said (p. 341): "If anything in the law may be regarded as settled, it is that a feme-covert, as to her separate estate, has no power of disposition beyond what is conferred upon her in the instrument creating the trust."

The fact that the property in question which was taken into her own hands by Mrs. Phillipi, belonged to the estate of her father, and is assets for the execution of the trusts constituted by his will, is sufficient to confer jurisdiction upon the orphans' court to compel her to surrender it to the trustee entitled to its custody. But that trustee would seem to be the Dollar Savings Fund & Trust Company, and not the petitioner in this case, the administrator d. b. n. c. t. a. of the father's estate. The latter would have no right of action, unless the money was required for the payment of the testator's debts. The testimony is very meager, and does not seem to show any debts of the decedent remaining unpaid, which would be a charge on this fund. The evidence of Mr. Stengel shows indebtedness apparently contracted by the former executor and trustee upon account of building operations, and secured for the most part by mechanics' liens. And that trustee was surcharged in a large amount.

The trust fund for William Sheaffer, Jr., was to be $12,000, and that for Mrs. Phillipi one-third of the residue of the estate. The amount of the residue does not appear, even approximately, from either the bill and answer or the evidence. The testimony showed that the estate had a decree against George Sheaffer for $32,498.43. It does not appear whether this is collectible or not; but, as George Sheaffer is entitled to one-third of the residue, as well as a remainder interest in the fund to be held for the benefit of William Sheaffer, Jr., it would seem probable that at least a part of the award can be collected from him. The estate also owns other real estate, as appears from the testimony; but the value of such real estate was not shown. Mr. Stengel testified: "[It] is very difficult to say what the assets amount to; it depends on what this real estate is worth; the assets of the estate amount to much more than the indebtedness."

There is no other evidence as to either the liabilities or the property of the estate. We do not regard this testimony as sufficient to justify the decree of the court

below directing the conveyance of the real estate to the administrator d. b. n. c. t. a. and the payment to it of the proceeds of the mortgage.

An administrator d. b. n. c. t. a. has no power to execute a trust reposed in executors under a will, not connected with the office of executor, but reposed in them as trustees: Ebert's App., 9 Watts, 300; Ross v. Barclay, 18 Pa. 179; Gehr v. McDowell, 206 Pa. 100. If in this case the return of the property by Mrs. Phillipi was necessary in order to pay debts of the estate, that fact should have been shown affirmatively and clearly.

As the record in this case now stands, we are of opinion that the decree should require Mrs. Annie Phillipi to restore the property in question to the trustee appointed to protect the estate of Mrs. Phillipi and of her brother William Sheaffer; and not to the administrator d. b. n. c. t. a. of the father.

With that modification, the decree of the orphans' court is affirmed.