# Schattenberg's Estate.

*Will—Codicil—Trusts and trustees—Separate use trust—Legacy.*
1. A will and codicil are construed together, and the latter revokes the former only so far as repugnant thereto.
2. Where a father creates a spendthrift trust for his daughter in his will, and by codicil gives a legacy in trust for her use, the additional sum given by the codicil will be held for her separate use as provided by the will.

Argued October 15, 1920.  Appeal, No. 157, Oct. T., 1920, by Edith Nonemacher, legatee, from decree of O. C. Allegheny Co., Feb. T., 1920, No. 213, dismissing exceptions to adjudication in estate of Frederick Schattenberg, deceased.  Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ.  Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the facts.
The court in banc, in an opinion by Trimble, J., dismissed the exceptions.  Edith Nonemacher, legatee, appealed.

1920.]          Arguments—Opinion of the Court.

*Error assigned,* inter alia, was decree, quoting it.

*William S. Woods,* for appellant.—It is an established rule that restrictions upon original shares do not extend to accrued shares in the absence of a clearly expressed intention to that effect.

This, though the testator says it shall be held in trust, did not have the effect of imposing upon this share of the corpus, the restrictions found in the original share, the income of which was paid to the grandchild: Lang's Est., 16 Phila. 308; Masden's Est., 4 Wh. 428; Livezey's Est., 245 Pa. 230; Frechie's Est., 62 Pa. Superior Ct. 48; Alsop's App., 9 Pa. 374.

The purpose of a codicil is to make disposition of testator's estate other than that made in the will. If any specific change is made, it negatives, by implication, an intention to make any other in the provisions of the will: Line's Est., 221 Pa. 374; Hellerman's App., 115 Pa. 120; Bender v. Bender, 226 Pa. 607.

*William A. Jordan,* for appellee, cited: Phillips's Est., 30 W. N. C. 241; King's Est., 210 Pa. 435; Sigel's Est., 213 Pa. 14; Frechie's Est., 62 Pa. Superior Ct. 48; Sheetz's App., 82 Pa. 213; Sharps's Est., 155 Pa. 289; Phillips's Est., 205 Pa. 504; Shalters v. Ladd, 163 Pa. 509; Jones v. Strong, 142 Pa. 496; Hiestand v. Meyer, 150 Pa. 501; Brown v. Title & Trust Co., 174 Pa. 443; Whelen's Est., 175 Pa. 23; Padelford's Est., 190 Pa. 35; Reilly's Est., 200 Pa. 288.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

The question here is whether a legacy given in a codicil is subject to the trust created by the will. In 1906, Frederick Schattenberg made his last will, which embraced, inter alia, a devise of certain real estate to his daughter, Eda [Edith] Nonemacher, and in clause eighth provided, "The rest and residue of my estate shall go to my trustee herein appointed and by it invested (not how-

ever so as to interfere with Article Seventh) and the
net income to be paid to my daughter Eda Nonemacher
in her own hand—nor shall it be liable for any process
for the collection of debt or paid to her husband or
any other person on order—execution attachment or
sequestration. After her decease the fund is to be di-
vided among her three children share and share alike
when they severally become 21 years of age—the sur-
vivor or survivors to take the whole fund." The will
closed with the appointment of executors and a trustee.
In 1911 he made a codicil wherein he expressly repub-
lished so much of the will as was not inconsistent there-
with; and clause fourth of the codicil provides, inter
alia, "All my real estate I give devise and bequeath to
my executor hereinafter mentioned to be by him dis-
posed of at such time as he may deem fit, not prior to
decease of Margaret Harnack [a life tenant of certain
real estate], and for such purpose I give him full power
to make deed or deeds therefor on such terms as may to
him seem fit and to take, receipt for and receive the
monies arising therefrom. Provided that the net rents
up to such time as it may be disposed of from my prop-
erty mentioned in clause First of my aforesaid will I
give, devise and bequeath to Edith Nonemacher, my
daughter. The balance of money arising therefrom in
trust however for the following uses and purposes name-
ly: To my daughter Edith Nonemacher, the sum of six
thousand dollars. The balance I direct him to distribute
to my four grandchildren, namely, Mertel Cella, How-
ard Nonemacher, Walter Nonemacher and Freda None-
macher to them, their heirs and assigns share and share
alike. Said money however given to my grandchildren
is held in trust and is to be paid over to them when
Freda, the youngest granddaughter arrives at the age of
twenty-one years." He also therein appoints a new
trustee and executor in place of those named in the will.
Testator died in 1912, but Mrs. Nonemacher and her
children are still living and of full age. The executor

sold certain real estate and charged himself therewith in his first partial account; in the adjudication of which the auditing judge awarded the net proceeds thereof, to wit, $5,035.29, to the trustee for use of Mrs. Nonemacher, under the trust created by the will, to apply on the $6,000 legacy given her by the codicil. From the decree of the orphans' court confirming the adjudication, she brought this appeal.

We cannot sustain her contention that the $6,000 legacy was an absolute gift to her and free from the trust provided in the will. A will and codicil are construed together and the latter revokes the former only so far as repugnant thereto. "The rule is well established, that a codicil shall not disturb the dispositions of the original will further than is absolutely necessary for the purpose of giving it effect": Hawkins's Orphans' Court Principles and Practice, p. 63. This accords with Sigel's Est. (No. 1), 213 Pa. 14; Jones v. Strong, 142 Pa. 496; Reichard's App., 116 Pa. 232; Morrow's Est., 204 Pa. 484; Frechie's Est., 62 Pa. Superior Ct. 48, and other cases.

As appellant was a married woman, the spendthrift trust provided for her in the will was lawful, and no language in the codicil is inconsistent therewith. In fact by the latter the $6,000 legacy is given in trust for her use, and it was unnecessary to restate the conditions thereof as found in the will. In Phillips's Est., 30 W. N. C. 241, 242, the late Judge Penrose states that, "The rule is also well settled (Theobald on Wills, 117-8; Hawkins on Wills, 306-7; Williams on Executors, 1405), that 'added legacies are prima facie subject to the same incidents or conditions as the original legacy.' Hence if a legacy is given in trust for separate use by will, an additional sum given by codicil will be held to be for separate use, though not so expressed." See also King's Est., 210 Pa. 435. The reason the codicil sets out the terms of the trust for the grandchildren and not for appellant doubtless was that the trust as to her was defined in the will. While the codicil changes the nature

and amount of her legacy, the trust upon which it was given remains as defined in the will.

The decree is affirmed at the costs of appellant.