## Roberts's Estate.

*Wills—Construction of will and codicil—Inheritance taxes.*

Testatrix by her will, executed before the Federal Estate Tax Act was passed (Sept. 8, 1916), bequeathed a number of pecuniary legacies, and directed by a subsequent clause that all the foregoing legacies should be paid "free of collateral inheritance tax and all other charges whatsoever." By a codicil executed Feb. 16, 1919, she bequeathed a legacy of $10,000, free of tax, and changed legacies to servants, and directed by a subsequent item that all legacies should be paid "free of all Federal, State, direct or collateral tax or taxes:" *Held*, that while she had exempted all general legacies from State and Federal taxes, equitable life estates in the residuary estate were not relieved from paying the Pennsylvania inheritance tax, and such taxes should not be charged on the *corpus*.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1921, No. 755.

*R. M. Remick*, for exceptants; *Frederick H. Spotts*, contra.

GEST, J., Jan. 23, 1923.—The question in this case is whether the equitable life-tenants of the residuary estate are relieved by the will and codicil of the payment of inheritance tax on their life estates. The auditing judge held that they should pay this tax, and these exceptions are filed to his ruling.

We are of opinion that this was correct. By her will the testatrix bequeathed a number of pecuniary legacies, and then provided:

"Item Six. All of the foregoing legacies are to be paid free of collateral inheritance tax and all other charges whatsoever that may be legally made thereon; the amount of said taxes or other charges to be deducted from my residuary estate, so that the legatees hereinbefore named shall receive the full amount of their legacies without abatement."

And by the next clause of her will the testatrix devised her residuary estate to her trustees in trust to pay two small annuities clear of all taxes, and to pay one-half of the balance to her niece, Elizabeth, during her life, and on her death to pay a pecuniary legacy to a hospital, free of tax, and the balance (subject to a power of appointment) to another niece and two nephews, and in trust to pay the other half of the income to said nieces and nephews for life, with remainders to their issue, etc.

The will is dated July 5, 1916, before the passage of the Act of Congress imposing a Federal estate tax, which was approved Sept. 8, 1916; and thereafter, on Feb. 16, 1919, the testatrix executed a codicil bequeathing a legacy of $10,000, free of tax, and changing legacies bequeathed in the will to servants. Then follows the paragraph on which these exceptions are based, viz.:

"Third. I direct that all legacies under my Will shall be paid free of all Federal, State, direct or collateral inheritance tax or taxes, and all other tax or taxes assessable against the same, all of which taxes, together with those

Roberts's Estate.

assessable against the legacies mentioned in the second paragraph of this Codicil, I direct shall be paid out of my residuary estate."

It appears to us that when the testatrix made this codicil she knew, or was advised, of the additional legislation respecting inheritance taxes, and thereby intended to enlarge the language of paragraph six of her will and make it clear that the exemption from tax applied not only to State, but also to the Federal tax. If the will and codicil be construed together, as they should be, Schattenberg's Estate, 269 Pa. 90, it is clear that the first and second paragraphs of the codicil fall in with the first five paragraphs of the will, while the third paragraph of the codicil simply takes the place of the sixth paragraph of the will and applies to the pecuniary legacies, and to them alone. It would, indeed, be strange to provide that the taxes on life estates in the residuary estate should be paid from the residuary estate of which they form a part, and while a testator may so direct, if he pleases, it would require much clearer evidence of his intention to do so than we have before us in the present case in order that these exceptions should be sustained.

It should be remarked that, the Commonwealth consenting, the remaindermen of the trust will not be injured if the trustee should at once pay, out of *corpus*, the tax on the entire trust fund.

The exceptions are dismissed and the adjudication is confirmed absolutely.