# McKallip's Estate.

*Wills—Codicils—Executors and administrators—Executors as trustees — Trusts and trustees — Revocation of appointment—Repugnant provisions.*

1. A trust duty may be imposed on an executor which thereby becomes a function of his office.

2. The mere fact that there is a devise or bequest of property to one named in trust does not create a distinct office, if the duties are in reality annexed by the will to those to be performed by the executor.

3. Where testatrix gives and devises the residue of her estate to three persons who are named trustees, and subsequently appoints the same three persons as her executors, and in other parts of the will describes them as her "executors and trustees," and, by a codicil, appoints three persons as executors, one of them being one of the same persons named in the will, but says nothing as to trustees, and further by the codicil makes certain alterations in the disposition of her estate, the codicil, taken with the will, is to be construed as revoking the appointment of the trustees named in the will, and substituting as trustees the persons named in the codicil.

4. Where changes are expressly directed by codicil, and clearly inconsistent and repugnant provisions are inserted, there may be a modification of the will by necessary implication.

Argued October 5, 1927. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 165, March T., 1927, by Barbara Rhodes, from decree of O. C. Allegheny Co., April T., 1927, No. 224, dismissing exceptions to distribution in estate of Margaret J. McKallip. Affirmed.

Exceptions to distribution. Before TRIMBLE and MITCHELL, JJ.

The opinion of the Supreme Court states the facts.

Exceptions dismissed by TRIMBLE, J. Barbara Rhodes appealed.

*Error assigned,* inter alia, was decree, quoting record.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellant.
—A will and codicil are construed together, and the latter revokes the former only so far as repugnant thereto: Schattenberg's Est., 269 Pa. 90, 93; Baugh's Est., 288 Pa. 308; Vernier's Est., 282 Pa. 194.

The decree of the orphans' court entered in this case amounts to an appointment of trustees to administer the trust estate created in the will of the decedent without the necessary proceedings to authorize same: Ross v. Barclay, 18 Pa. 179; Strite v. Wolf, 268 Pa. 221; Schattenberg's Est., 269 Pa. 90; Gehr v. McDowell, 206 Pa. 100.

*A. M. Linn,* of *Evans & Linn,* with him *Grote & Grote,* for appellees.—At common law, when the same person was appointed executor as well as trustee, whether nominatim or virtute officii, the probate of the will was an acceptance of the trust (Hill on Trustees, 214, 236); but our Act of April 13, 1859, P. L. 611, Purdon 2034, pl. 55, permits an executor, in either case, to renounce the trust without affecting his right to the executorship, providing, in terms, that the vacancy thus caused shall be filled by the orphans' court: Hart's Est., 12 Pa. Dist. R. 47.

One named as executor and trustee virtute officii cannot renounce as executor and continue as trustee: Strobel's Est., 2 W. N. C. 409; McIlvaine's Est., 3 York 33; Taylor's Est., 1 Montg. Co. R. 53; Malone's Est., 9 Pa. Dist. R. 115.

OPINION BY MR. JUSTICE SADLER, November 28, 1927:
This is an appeal from a distribution made by the orphans' court in the estate of Margaret McKallip, and raises a single question as to the proper parties to whom the trust fund provided by the will of testatrix should be awarded. By the original document referred to, three persons, Schoenberger, Grote and Barbara Rhodes

were named in paragraph seven as trustees, and in number eleven the same individuals were selected as executors. By paragraph nine, power was given to "said executors and trustees, acting in either capacity," to make sale of the real estate on such terms "as to them or the survivor of them" shall be deemed advisable, and further directed that "my executors and trustees" shall not be required to give bond. By the preceding seventh paragraph, already noted, the residue of the estate was devised and bequeathed to the three, by their given names, with direction to hold the same in trust, and from the income pay a monthly sum to a sister for life, using the balance for the maintenance and education of three nieces. Upon the death of the sister the entire income was made payable to the nieces, or their survivor, until the death of the last one. Thereafter, the principal sum was to be divided among certain named charities.

Later, by a codicil, testatrix provided: "I want Ida C. Campbell to act as executrix with (Mellons) Pittsburgh Trust Company and Hermann C. Grote [the latter being the Grote previously named] and any changes dictated in will by Ida C. Campbell to be carried out." No express appointment of trustees was made, but the trust itself, as defined in paragraph seven of the will, was altered, so as to increase the income of the sister, in these words: "So long as my sister Martha J. Crow lives—she to receive the income as long as she lives—altho any property can be sold or my personal effects sold or distributed among my nieces as Ida C. Campbell and my sister Mattie arrange and agree to—After my sister's death the balance of the will can be executed." There follows a further direction to pay fixed sums to two additional charities upon the termination of the trust.

The learned court below held, on exceptions to the original adjudication, that, by the will, the intent was evident to annex the duties of trustees to those of execu-

tors, the same parties having been named, it being apparent from paragraph nine that testatrix was granting the powers of the two offices to the same individuals selected "acting in either capacity," and that she considered them as one and the same. The court further decided that the codicil, changing the executors, and likewise altering the trust, and increasing the benefit to be derived by her sister during life, impliedly revoked the original appointment of both executors and trustees named in the will, and substituted Ida Campbell, the Pittsburgh Trust Company and Grote, for Schoenberger, Barbara Rhodes and Grote, mentioned in paragraphs seven and eleven of the first instrument executed. Ida Campbell declined to accept the appointment as executrix, but the Pittsburgh Trust Company and Grote qualified, and to them was awarded the balance in trust. Barbara Rhodes, one of the executors and trustees nominated in the will, but not mentioned in the codicil, excepted to the decree, claiming the right to act as trustee, and to have the corpus of the fund awarded to her, in conjunction with Grote, eliminating the Pittsburgh Trust Company, named as executor in the codicil, and has brought this appeal from the refusal of the court below to so direct.

It is insisted that, since the duties of trustee and executor are separate and distinct, and appellant was by name designated in both capacities by the will, the implied revocation of her selection as executrix by the codicil, in which others are designated, to whom letters testamentary were granted, had no effect on her right to serve as trustee. It is true that these interests may be severable, and a renunciation by the nominee of the right to administer the estate may be ineffective, insofar as the right to serve as trustee is concerned: 39 Cyc. 249; Ebert & Barnitz's App., 9 Watts 300. The will may indicate, however, that the trust was annexed to the office of executor (Innes's Est., 4 Whart. 179; Strobel's Est., 2 W. N. C. 409), in which case the withdrawal

of one named from the latter position results in a forfeiture of the trusteeship: 39 Cyc. 250. To the ordinary duties of the one chosen to settle the estate may be added the performance of a trust in such manner that the two functions coalesce. It is the duty of the executor as such to pay to a legatee the amount of a legacy in the manner and time provided by the testator, and it does not change the duty that the payment of the principal is postponed, and the income made payable in the meantime. A trust duty may thus be imposed on an executor, which thereby becomes a function of his office. The mere fact that there is a devise or bequest of property to one named in trust does not create a distinct office, if the duties are in reality annexed by the will to those to be performed by the executor: Potter v. Couch, 141 U. S. 296; Colt v. Colt, 111 U. S. 580.

As in other questions involving the interpretation of wills, the intent and purpose of the testatrix must be ascertained from a consideration of all the language used, and the document as a whole, with the codicils attached, be scanned with this in view. A consideration of the paper before us leads to the conclusion that Mrs. McKallip had no thought of creating distinct offices, but rather that the executors should act as trustees, and the labors imposed in settling the estate, managing the balance, paying the income, and distributing the principal, be carried out by those named acting in either capacity. In this connection it will be noted that, after appointing the trustees, in paragraph seven, she referred, in paragraph nine, to the powers of her executors and trustees, though not having then designated the former, and not doing so until paragraph eleven was written. It would seem clear that the definition of the offices was used by the testatrix interchangeably, and as one and the same, it being her purpose that the three individuals selected, first called trustees, later executors, and in the intervening paragraphs as "executors and trustees," should be those to whom the complete

carrying out of her expressed desires was committed. The codicil does not indicate a wish that additional parties be added, so that five in all should act, but that the three then selected should take the place of those suggested in the will, who had then, by the codicil, imposed upon them the duties of also holding her estate until a final distribution was made.

By its terms, three executors were appointed, one of whom had been originally named, and letters testamentary granted to the two willing to serve. The annulment of a first will, except as to certain bequests, will set aside impliedly the right of an executor named therein to letters testamentary (Nelson's Est., 147 Pa. 160), and the direction in a codicil that a newly selected person shall settle the estate is an implied revocation of the power of one designated in a will: Ringot's Case, 124 Cal. 45, 56 Pac. 781. The terms of the trust were likewise altered by the instrument before us, though no mention is made as to who shall act as trustees.

Was there an implied substitution for those nominated in paragraph seven? Where changes are expressly directed by codicil, and clearly inconsistent and repugnant provisions are inserted, there may be a modification of the will by necessary implication: 40 Cyc. 1180; Schattenberg's Est., 269 Pa. 90; Siegel's Case, 213 Pa. 14. Judge PENROSE said, in Howell's Est., 12 Pa. Dist. Rep. 193, where two daughters were named as executrices and trustees by will, and the codicil appointed one as sole executrix, making no mention of the trust: "As the appointment of a trustee requires no special form of expression, but may arise, without the use of the word trustee at all, simply by implication from the imposition of duties by the instrument creating the trust, so its revocation may be accomplished with equal informality,—the question being always one of intention, to be gathered from the deed or will in its entirety......The auditing judge, we think, was entirely right in disregarding the precise, literal significa-

tion of the word 'executrix,' and holding that, by its use, the testatrix intended to include the functions of trustee also."

Mrs. McKallip saw fit, in this instance, to change, in part, those who should have control of the settlement of her estate and designated new executors, making, at the same time, alterations in the manner of the disposition of the trust fund, indicating that, at the time, she had in mind not only the mere preliminary administration of her property, but its ultimate disposition. It is a fair conclusion, her intention was that those to whom she thus confided her affairs should act as managers to carry out her wishes, until the time came for the division of the principal.

The exact situation here presented does not seem to have come before the courts in this State. Under circumstances somewhat alike, the conclusion reached by the court below in the case at bar was arrived at in Mullanny v. Nangle, 212 Ill. 247, 72 N. E. 385. There, two executors were designated by name, who were also chosen to act as trustees of the residuary estate. By codicil, the appointment of one as executor was revoked, and another substituted, and it was held that the act of testator resulted in the removal of the one first suggested both as executor and trustee, and the substitution of the second chosen in both capacities.

It is true that, in the case last cited, as in the like decision of Tuckerman v. Currier (Col.), 129 Pac. 210, Ann. Cases, 1914C, 599, the individuals, when first named in the will, were called executors, and the trust duties later committed to them, which is not so of the case at bar, since the individual appellations are used in paragraph seven, though they are the same persons as are later named in paragraph eleven as executors, but the wording of the ninth section indicates that the offices of executor and trustee were intended to be treated as one and the same, and the powers therein granted were to those designated, acting in either capacity.

There is a manifest intent of testatrix here to annex the trust duty to that of executor, and to provide that those selected should not only administer the estate, but make disposition of it in accordance with her testamentary directions.

The conclusion reached by the court below should be sustained, and the assignments of error overruled.

The decree is affirmed at the cost of appellant.