## Central Trust & Savings Company et al. v. Walters et al.

*Arthur S. Minster*, for plaintiffs; *John V. Lovitt*, for defendants.

BROWN, JR., J., August 26, 1932.—The Bill prays that the entry on November 17, 1928, of satisfaction of mortgage dated May 12, 1910, executed and delivered to Joseph L. Atkinson, Joseph H. Chubb and William Powell, executors and trustees of the estate of Jonathan Powell, deceased, and secured on premises No. 1503 Moyamensing Ave., be stricken from the record and that the mortgage be declared a valid lien, averring that the principal of the mortgage has not been paid to the executors and trustees named, or to the substituted trustees, and that this entry was improperly made by virtue of a power of attorney executed without authority by J. Powell Atkinson, the surviving executor and trustee under the will of Joseph L. Atkinson, deceased, who was the last surviving executor and trustee of the estate of Jonathan Powell, deceased.

The answer of the defendants, John H. Walters and Mary J. Walters, states that payment of the mortgage was properly made to J. Powell Atkinson, that he was authorized to satisfy it, and that the bill is barred by laches.

The recorder of deeds also filed an answer.

### Discussion

The twelfth paragraph of the will of Jonathan Powell states: "It is my will and desire that the number of my Executors and Trustees under this my Will, shall not be less than three, and if from death, resignation or any other cause they shall be reduced below that number, then and in such case, and as often as the same shall happen, I order and direct that the survivors or survivor of them shall with the consent of a majority of my then living children, nominate and appoint some suitable person or persons, to fill such vacancy or vacancies, and thereupon such person or persons, after being duly qualified, shall have the same powers, rights, privileges and duties as my Executors and Trustees herein-after appointed." He authorized his "Executors and Trustees hereinafter named" to sell or mortgage his real estate, and appointed his son John M.

Powell, his son-in-law Joseph Atkinson, and his friend Joseph H. Chubb, and, in case of death or inability or unwillingness to act, his son William Powell in place of the one so dying, or unable or unwilling to act. Letters testamentary were issued to the three last named.

A reading of the entire will shows that he "had no thought of creating distinct offices, but rather that the executors should act as trustees, and the labors imposed in settling the estate, managing the balance, paying the income, and distributing the principal, be carried out by those named acting in either capacity": McKallip's Estate, 291 Pa. 304, 308; it being his "purpose that the three individuals selected, . . ., should be those to whom the complete carrying out of" his "expressed desires was committed": Id., pp. 308, 309. He also provided that they should at all times "not be less than three" in number, and that he did not place absolute confidence in any one individual acting separately is further indicated by the proviso that one of them should "not be liable for the acts of the other or others of them but each of them to be liable for his own acts only, and the moneys that may come into his own hands". Generally money is paid to one person, and no doubt he had this in mind when he made that provision. However, he did not empower the one who received it to act for and in behalf of the others; to the contrary, he relieved them of liability for its receipt, and distinctly directed that not less than three persons should at all times manage his estate. This was recognized by the orphans' court in appointing an additional substituted trustee after first appointing two substituted trustees.

When the check, intended to be in payment of the mortgage on premises No. 1503 Moyamensing Ave., was drawn, all three of those named in the will of Jonathan Powell, deceased, as his "Executors and Trustees" had died, and no one had been appointed to take the place of any of them. The check was delivered to J. Powell Atkinson, and defendants contend that as he was the sole heir and surviving executor and trustee under the will of Joseph L. Atkinson, deceased (the last survivor of the executors and trustees named by Jonathan Powell), he was the proper person to receive it, citing Baird's Appeal, 3 W. & S. 459. Although it is there stated (at page 460) that "by the common law, the heir of a trustee of real estate succeeds to the trust at the death of his ancestor, because the title to the legal estate descends upon him", and that "The accounts of his predecessor . . . can be settled only by his personal representative", it was also held that "he has nothing to do with the execution of the trust, so far as it includes personal estate." Thus J. Powell Atkinson, as the sole heir of Joseph L. Atkinson, may have succeeded to the trust insofar as it pertained to real estate, but he had "nothing to do with the *execution* of the trust, so far as it includes personal estate", and, as the surviving executor and trustee of Joseph L. Atkinson, he had the duty of settling the latter's accounts but not of administering the estate of Jonathan Powell. "If an executor or administator die, leaving the estate but partly administered, his personal representative cannot complete the administration of the first decedent's estate. Another administrator must be raised, and he has authority to administer the balance of the decedent's estate . . .": Wagner's Estate, 227 Pa. 460, 464. As the mortgage was part of the personal estate of Jonathan Powell, he had no power to satisfy it or authorize its satisfaction of record. His duty was to account for what Joseph L. Atkinson had done, not to dispose of the assets, make investments, and perform the duties of the trust, which, by the express terms of the will, were to be performed by no less than three persons.

Defendants contend also that the present bill is barred by laches. It was filed by the three substituted trustees on February 20, 1931. Two of them were appointed by the orphans' court in May and the third in November of 1930. They

did not delay for thirteen years as did the trustees in Philadelphia Trust Company v. P. & R. C. & I. Co., 139 Pa. 534, cited by defendants, but proceeded with proper diligence. The beneficiaries of the estate are not parties to this proceeding, and any inaction upon their part should not prevent the plaintiffs from asserting their rights. In Vanleer's Appeal, 24 Pa. 224, also relied upon by defendants, the beneficiary, who acquiesced in what was done there, was a party to the litigation, and the one whose actions were questioned was an executor or trustee, whereas in the present case J. Powell Atkinson was not an executor or trustee of the estate and had no right, under the law, to manage its affairs.

When defendants' predecessors in title sought to pay off the mortgage, they were chargeable with notice that there was no one authorized to receive payment and to satisfy it. The mortgagees were described in the mortgage as "executors and trustees", and these words were sufficient to put them on inquiry: Kenworthy v. Equitable Trust Co., 218 Pa. 286, 290, 291. Dealing with a trust estate, it was their duty to ascertain the nature and extent of the powers conferred upon the trustees, in order to know whether the trust was being violated: Id., p. 290. That all of the trustees named in the will had died, and no one had been appointed to take the place of any of them, were matters of public record at the time.

The mistake of delivering the check to J. Powell Atkinson may have been made by the title company with which the money, intended for the payment of the mortgage, had been deposited, but as this company was acting as their agent, they were responsible for what it did. It drew its check to the order of "Joseph L. Atkinson, Executor and Trustee J. Powell Atkinson", whereas it should have been made payable to the mortgagees named as executors and trustees, or to their appointed successors in the trust, and delivered to them.

It is to be noted that the settlement sheet of the Title Company states, under "Paid out as follows", "Check to Joseph L. Atkinson et al." underneath which, on the next line, are the words "J. Powell", a blank space, and the abbreviations for executors and trustees. Irrespective of whether "J. Powell" was written in later or not, when the check was drawn the name "Atkinson" was added, thus indicating that some oral statement was made, which resulted in the check being made payable as it was. Without "J. Powell", the settlement sheet indicated the proper way in which the check should have been drawn, in the absence of evidence of the appointment of substituted trustees. Being in the business of insuring titles, there appears to be no excuse for the mistake of the title company.

Furthermore, the defendants are not innocent third parties whose rights have intervened. There is no evidence that they purchased the property relying on the payment of the mortgage. When they took title, the mortgage had not been marked satisfied of record, and so, although no reference is made to it in the deed, they received the property subject to it. That they may not have known of it is their own fault, because a search would have revealed its existence.

I have, therefore, come to the following

### Conclusions of Law

1. The bill is not barred by laches.

2. The mortgage debt is still due and owing to the estate of Jonathan Powell, deceased.

3. The mortgage is a valid lien and encumbrance upon No. 1503 Moyamensing Avenue.

4. J. Powell Atkinson was without authority to accept payment on account of the mortgage and to satisfy it or to order its satisfaction.

5. The power of attorney executed by him to satisfy the mortgage was invalid and an improper authorization.

6. The Recorder of Deeds of Philadelphia County should remove from the record and cancel the entry of satisfaction of the mortgage.

### Opinion sur exceptions

The exceptions to the findings of fact and conclusions of law filed by the defendants were argued before the court in banc, and for the reasons given by the trial judge under the head of "Discussion", which we approve and adopt, we are of the opinion that they should be dismissed.

The findings of fact and conclusions of law of the trial judge are approved and adopted as the findings and conclusions of the court.

Defendants' exceptions are dismissed. A final decree in the form of the decree nisi will be entered.

### Decree

And now, June 23, 1933, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the mortgage dated May 12, 1910, and secured upon premises No. 1503 Moyamensing Avenue, Philadelphia, executed and delivered by Douglass W. Haeckly and Helena P. Haeckly, his wife, to Joseph L. Atkinson, Joseph H. Chubb and William Powell, executors and trustees under the will of Jonathan Powell, deceased, and recorded in the office of the Recorder of Deeds of Philadelphia in mortgage book W. S. V. no. 1944, page 81, etc., is a valid lien and encumbrance upon that property from the date thereof, and the Recorder of Deeds of Philadelphia shall remove forthwith from the record and cancel the entry of satisfaction of the said mortgage.

Defendants John H. Walters and Mary J. Walters shall pay the costs.

NOTE.—The findings of fact of the trial judge have been omitted with his consent.